UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SERVPRO INTELLECTUAL PROPERTY, INC. and SERVPRO INDUSTRIES, INC., | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:16-001795 |
| v. | § § | |
| EDWARD ASLANYAN, EGOR ZUDIHIN, ZINGSERV, INC., AND SERV PRO MASTER, | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

## ORIGINAL COMPLAINT

Servpro Intellectual Property, Inc. and Servpro Industries, Inc. (collectively "Servpro") file this complaint for breach of contract, trademark infringement, and unfair competition against Edward Aslanyan, Egor Zudihin, Zingserv, Inc., and Serv Pro Master (collectively "Defendants") and state as follows:

## PARTIES

1.  Servpro Intellectual Property, Inc. and Servpro Industries, Inc. both have their principal place of business at 801 Industrial Boulevard, Gallatin, Tennessee 37066.

2.  Upon information and belief, Zingserv, Inc. ("Zingserv") is a corporation organized under the laws of the State of Texas.

3.  Upon information and belief, Zingserv's principal place of business is 10554 Walnut Glen Drive Houston, Texas 77064-4240.

4.  Upon information and belief, Zingserv's right to transact business in Texas has been involuntarily ended.

5. Upon information and belief, one of the active agents behind Zingserv is Edward Aslanyan (hereinafter "Aslanyan").

6. Upon information and belief, one of the active agents behind Zingserv is Egor Zudihin (hereinafter "Zudihin").

7. Zudihin is the registered agent for Zingserv.

8. Upon information and belief, Serv Pro Master ("Master") is a business operating in the state of Texas but not registered as a company or corporation.

9. Upon information and belief, Master operates under the names "Serv Pro Master" or "Service Pro Master".

10. Upon information and belief, Master's principal place of business is 10554 Walnut Glen Drive Houston, Texas 77064-4240.

11. Upon information and belief, one of the active agents behind Master is Aslanyan.

12. Upon information and belief, one of the active agents behind Master is Zudihin.

## BACKGROUND

13. In business since 1967, Servpro Industries, Inc. is one of the world's largest providers of cleanup and restoration products and services.

14. Servpro Industries, Inc. has more than 1,500 franchisees operating nationwide.

15. Since 1967, Servpro Industries, Inc. and its franchisees have delivered goods and services under the "SERVPRO" mark to customers.

16. The services offered by Servpro or its franchises include residential cleaning, commercial cleaning, water damage restoration, fire damage restoration, mold remediation, storm damage restoration, commercial water damage restoration, commercial fire damage restoration, and commercial storm and major event restoration.

17. Servpro Industries, Inc. and its franchisees have spent millions of dollars in promoting the "SERVPRO" trademark and consumers have purchased billions of dollars of "SERVPRO" goods and services.

18. Servpro Intellectual Property, Inc. is the owner of many trademarks and trademark registrations for "SERVPRO" variants and derivatives (hereinafter "SERVPRO TRADEMARKS"), more specifically:

   a. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,845,906 (Exhibit 1 hereto) in connection with "carpet, furniture and drapery cleaning services, services for the restoration of structures and/or contents damaged by fire, water and other catastrophes both indoors and outdoors" for the trademark "SERVPRO";

   b. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 3,361,893 (Exhibit 2 hereto) in connection with "mold remediation services" for the trademark "SERVPRO";

   c. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,707,245 (Exhibit 3 hereto) in connection with "cleaning, painting and repairing services in homes, offices and other buildings" for the following mark:

   

   d. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,726,156 (Exhibit 4 hereto) in connection with "franchising services; namely, offering assistance in the establishment and/or operation of businesses dealing with

cleaning and damage restoration to structures and/or contents" for the following mark:



e. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,804,022 (Exhibit 5 hereto) in connection with various cleaning products and equipment for the following mark:



f. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 3,368,163 (Exhibit 6 hereto) in connection with "mold remediation services" for the following mark:



g. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 2,175,467 (Exhibit 7 hereto) in connection with "providing information in the fields of property and casualty insurance on-line, via a web site on a global computer network designed to allow controlled access to proprietary information by franchises and approved agents; providing information, on-line via a global computer network, regarding cleaning and damage restoration of structures and/or their contents; computer services, namely, providing multiple-user access to a global computer

network in the field of cleaning and damage restoration of structures and/or their contents and insurance issues relate thereto" for the trademark "SERVPRONET".

h. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 3,872,314 (Exhibit 8 hereto) in connection with "Carpet, furniture and drapery cleaning services; restoration of building structures damaged by fire water and other catastrophes both indoors and outdoors; restoration of furniture damaged by fire, water and other catastrophes" for the following mark:



i. Throughout its existence, and since 1967, Servpro has delivered its services in green trucks. Servpro Intellectual property, Inc. is the owner of U.S. Trademark Registration No. 3,847,298 (Exhibit 9 hereto) for the mark "DESIGN OF GREEN VAN" in connection with "Carpet, furniture and drapery cleaning services; services for the restoration of structures and/or contents damaged by fire, water and other catastrophes."



19. Servpro Industries, Inc. is the exclusive licensee of the SERVPRO TRADEMARKS and has extensively used the SERVPRO TRADEMARKS nationally.

20. Servpro Industries, Inc. and its franchisees have expended millions of dollars promoting the SERVPRO TRADEMARKS.

21. Servpro Industries, Inc. and its franchisees have provided billions of dollars' worth of goods and services under the SERVPRO TRADEMARKS.

22. As a result of this extensive use and promotion of the SERVPRO TRADEMARKS, Servpro has developed significant and extensive good will in the SERVPRO TRADEMARKS nationally.

23. As a result, the SERVPRO TRADEMARKS are strong and famous throughout the United States.

24. The SERVPRO TRADEMARKS are well known.

## HISTORY OF INFRINGING ACTIVITY

25. Defendants operate the websites www.servpromaster.com and www.servicepromaster.com (the "Infringing Domain Names").

26. Defendants have been operating the Infringing Domain Names at least since July 10, 2014.

27. On websites resolving from the Infringing Domain Names, Defendants utilize the terms "Serv Pro Master" and/or "Service Pro Master" and the neon green color (the "Master Marks") on every page of the sites.

28. From the sites located at the Infringing Domain Names, Defendants offer mold removal, water damage, remediation, air duct cleaning, and carpet and rug cleaning services.

29. Defendants have performed services acting as Master.

30. Defendants have derived customers, performed services, garnered business, and made profits as a result of traffic to websites resolving from the Infringing Domain Names.

31. These services compete directly with the services offered by Servpro and/or Servpro's franchisees.

32. In May 2016, Servpro sent Defendants a letter informing them that they were infringing Servpro's trademark rights. (*See* Exhibit 10.)

33. Servpro did not receive a response from Defendants as of the filing of this complaint.

34. Defendants' use of the Master Marks is not authorized by Servpro.

35. Defendants' use the Master Marks is neither fair use nor in good faith.

## JURISDICTION AND VENUE

36. Subject matter jurisdiction for the trademark infringement and unfair competition claims exists with respect to the claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

37. Supplemental jurisdiction for the breach of contract claims is proper pursuant to 28 U.S.C. § 1367 because this Court has original jurisdiction over the other claims in this action, and the breach of contract claims are so related to these other claims, and spring from the same set of facts, that they form part of the same case or controversy under Article III of the United States Constitution.

38. Venue is proper in this Court in accordance with 28 U.S.C. § 1391 because Defendants are located and reside within this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PERSONAL JURISDICTION

39. The Court has personal jurisdiction over Defendants because Defendants engage in business in Texas and are located in Texas.

40. Further, the acts complained of herein occurred in Texas.

41. Similarly, the exercise of personal jurisdiction over Defendants comports with due process requirements of the United States Constitution because: (a) Defendants have purposefully established "minimum contacts" with the State of Texas, and (b) the exercise of personal jurisdiction over Defendants will not offend the traditional notions of fair play and substantial justice.

42. Therefore, this Court has specific and general jurisdiction over Defendants.

## CAUSES OF ACTION

### *Count I - Trademark Infringement*

43. Servpro realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

44. Servpro owns the SERVPRO TRADEMARKS.

45. Defendants have infringed and are infringing the SERVPRO TRADEMARKS.

46. By using the Master Marks, Defendants are likely to create confusion among the consuming public as to source, origin, sponsorship, and/or affiliation to cause confusion in the marketplace of Defendants' services with Servpro's services because the Master Marks are confusingly similar to Servpro's SERVPRO TRADEMARKS.

47. As Zingserv and Master are business entities, their actions, including those of using the SERVPRO TRADEMARKS, are controlled by Aslanyan and Zudihin serving as active agents.

48. Defendants' conduct relating to the use of the SERVPRO TRADEMARKS is without the permission of Servpro.

49. Defendants are thus in violation of 15 U.S.C. § 1114, Texas common law, and Texas statute (Tex. Bus. & Com. Code Ann. § 16.001 *et seq.*) regarding the SERVPRO TRADEMARKS.

50. Such acts by Defendants cause Servpro irreparable harm as to which Servpro is entitled to a temporary restraining order, preliminary injunction, and permanent injunction under 15 U.S.C. § 1116.

51. Such acts further cause harm to Servpro as to which Servpro is entitled to recover actual damages as well as the costs of any necessary corrective advertising.

52. Given that Defendants' infringing conduct is widespread and Defendants make no effort to distinguish themselves from Servpro, Defendants' conduct is willful.

53. Given that Defendants' conduct is willful, Servpro is entitled to an accounting of profits, attorneys' fees, and multiplied damages.

### *Count II - Unfair Competition*

54. SERVPRO realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

55. Servpro owns the SERVPRO TRADEMARKS.

56. Defendants have no right to use the SERVPRO TRADEMARKS in connection with their goods or services, yet Defendants have passed off their services to the public under the name and trademarks of Servpro, including by using the names "Serv Pro Master" and "Service Pro Master" and by using the color neon green on their website.

57. By using "Serv Pro Master" and "Service Pro Master" on their website, Defendants are likely to create confusion among the consuming public as to source, origin, sponsorship, and/or affiliation to cause confusion in the marketplace of Defendants' services with Servpro's services because "Serv Pro" and "Service Pro" are confusingly similar to Servpro's SERVPRO TRADEMARKS.

58. As Zingserv and Master are businesses, their actions, including those of using the SERVPRO TRADEMARKS, are controlled by Aslanyan and Zudihin serving as active agents.

59. The individuals are liable for the actions of Master because Master was not a registered company under Texas law when the infringing activities occurred.

60. Since Zingserv's active registration in Texas has ended, Zingserv's actions are controlled by Aslanyan and Zudihin serving as active agents.

61. Even if Defendants' actions were not intentionally deceptive, it is sufficient that such actions would naturally and probably result in deception.

62. Defendants' conduct relating to the use of the SERVPRO TRADEMARKS is without the permission of Servpro.

63. Defendants' actions constitute passing off and common law misappropriation of the SERVPRO TRADEMARKS, which are actionable acts of unfair competition under Texas common law and Texas statute (Tex. Bus. & Com. Code Ann. § 16.001 *et seq.*).

64. Defendants' unlawful usurpation of Servpro's rights and property constitutes unfair competition under 15 U.S.C. § 1125(a).

## *Count III - Cyber Piracy*

65. Servpro realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

66. Defendants, in registering and using the Infringing Domain Names, intend to profit from Servpro's trademarks that were registered and distinctive at the time of Defendants' registration of the Infringing Domain Names.

67. Defendants' actions constitute bad faith intent under 15 U.S.C § 1125(d).

68. Defendants' actions constitute cyber-piracy under 15 U.S.C § 1125(d).

69. Servpro is entitled to a statutory award in the amount of $100,000 per instance of cyber piracy pursuant to 15 U.S.C § 1125(d) and 15 U.S.C. § 1117(d).

WHEREFORE, Servpro respectfully prays that this Court grant the following relief:

A. That the Court enter injunctive relief, ordering that Defendants, as well as its officers, agents, servants, employees, attorneys, successors in interest, and all others in active concert or participation with them, are enjoined and restrained from:

1. Engaging in any conduct that infringes the SERVPRO TRADEMARKS;

2. Offering any goods or services using any mark containing the SERVPRO TRADEMARKS;

3. Offering any goods or services using any mark containing Servpro;

4. Engaging in any advertising that tends in a false or misleading manner to associate the Defendants' goods or services with Servpro or with Servpro's goods or services;

5. Using "SERVPRO", "Servpro", "Servco", or any derivations thereof in any domain name, online advertising, search engine optimization, advertisement, directory, or promotional material;

6. Engaging in any advertising that tends to adversely affect the public's perception of Servpro or Servpro's goods or services.

B. That the Court enter preliminary and permanent injunctive relief ordering Defendants, in accordance with 15 U.S.C. § 1116, to file a verified report with this Court within thirty (30) days of the Court's entry of the order for injunctive relief, specifying in detail the manner and form in which Defendants have complied with the injunction and order of this Court.

  C. That the Court award Servpro statutory damages pursuant to 15 U.S.C. § 1125(d)(1) and 15 U.S.C. § 1117(d) in the amount of $100,000 for each Infringing Domain Name for a total of $200,000;

  D. That the Court award Servpro damages amounting to at least $200,000 based on Defendants' profits, Servpro's attorneys' fees and costs, and multiplied damages because of Defendants' willful, wrongful conduct;

  E. A trial by jury as to all issues; and

  F. That the Court award such further relief as is merited under law and equity.

        Respectfully submitted,

        **HANNA & PLAUT, L.L.P.**
        211 East Seventh Street, Suite 600
        Austin, Texas 78701
        Telephone: (512) 472-7700
        Facsimile: (512) 472-0205


        By: */s/ Laura D. Tubbs*
         Laura D. Tubbs
         State Bar No. 24052792
         Southern District ID No. 1065172
         Email: ltubbs@hannaplaut.com

        *To be admitted pro hac vice:*

        Edward D. Lanquist, Jr. (TN BPR # 013303)
        Attorney-in-Charge
        Scott M. Douglass (TN BPR # 031097)
        PATTERSON INTELLECTUAL PROPERTY LAW, P.C.
        1600 Division Street, Suite 500
        Nashville, Tennessee 37203
        Telephone: (615) 242-2400
        Facsimile: (615) 242-2221
        Email: edl@iplawgroup.com
        Email: smd@iplawgroup.com

        **ATTORNEYS FOR PLAINTIFFS**